IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW ROBERT GREEN,

                              Plaintiff,                      OPINION AND ORDER

    v.

                                                                         25-cv-140-wmc

WISCONSIN DEPARTMENT OF
CORRECTIONS and
GOVENOR TONY EVERS,

                              Defendants.

---

      Plaintiff Matthew Robert Green, who represents himself and is proceeding without prepayment of the full filing fee, has filed a complaint against the Wisconsin Department of Corrections ("DOC") and Governor Tony Evers, alleging that he was sexually assaulted while at the Dodge Correctional Institution in 2018, but nothing was done to investigate. (Dkt. #1.) Green has also filed an amended complaint, which is construed as a supplement to the original. (Dkt #16.) Under 28 U.S.C. § 1915(e)(2) and § 1915A, this court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, Green must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court will dismiss the complaint for failure to state a claim.

ALLEGATIONS OF FACT[1]

On July 25, 2018, Green was in custody at Dodge Correctional Institution when he was sexually assaulted by another inmate named Isaiah Hitz. Green reported the incident "to a white shirt" two days later, after Green was transferred to another prison unit.

Green was eventually released from DOC, but returned several years later in November 2024. On November 23, 2024, Green asked a sergeant about what happened to his previous report of sexual assault. On November 25, 2024, an investigation under the Prison Rape Elimination Act ("PREA") was opened. An unidentified witness told Green that his report was not investigated earlier because it had "[fallen] through the cracks." Green alleges that his PREA report was "substantiated," but officials told him there was nothing they could do because so much time had passed.[2]

OPINION

Plaintiff alleges that his sexual assault report was not investigated because of his status as a sex offender and because he is autistic. Plaintiff has filed suit under 42 U.S.C. § 1983 to recover monetary damages for his pain and suffering. Section 1983 imposes liability on any "person" who, acting under color of state law, violates the Constitution or federal law. *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (quoting 42 U.S.C. § 1983).

Plaintiff may not proceed with a claim against DOC, which is a state agency. Only

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). As a result, the facts in this section, which are taken from the original complaint (dkt. #1) and proposed amended complaint (dkt. #16), are presumed true for the purpose of screening.

[2] Records from the DOC public website reflect that Hitz was released from prison in 2020.

"persons" are subject to suit under § 1983, so plaintiff's claims against DOC must be dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) ("[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983.").

Plaintiff also may not proceed with a claim against Governor Evers because plaintiff does not allege facts showing that Evers had any involvement with an alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim."). Likewise, individuals are not liable for their general supervisory role over others. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights."); *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role over others). Thus, to the extent that plaintiff sues Governor Evers as a general supervisor over state agencies such as DOC, his claim fails.

To the extent that plaintiff claims that unidentified prison officials failed to investigate his initial report about being sexually assaulted in July 2018, the relevant statute of limitations changed from six to three years before the assault occurred. *Pemberton v. Walker*, No. 22-cv-716-wmc, 2024 WL 809981, at *3 (W.D. Wis. Feb. 27, 2024) ("For alleged constitutional injuries that occurred before April 5, 2018, the statute of limitations is six years, and for injuries that occurred after April 5, 2018, the statute of limitations is three years."). Plaintiff's lawsuit

3

is untimely, and he offers no explanation why he waited so long to inquire -- much less file suit -- about the reported assault.  Even if he had timely filed this suit, the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened.  *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  Accordingly, for all of the foregoing reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint.  *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  Nonetheless, the court is dismissing this action with prejudice and without leave to amend, since any amended pleading would be futile under the circumstances alleged.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED that this case is DISMISSED with prejudice.  The clerk of court is directed to close this case.

Entered this 4th day of November, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge